# EXHIBIT A

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

ACUITY, A MUTUAL INSURANCE COMPANY,

        Plaintiff,

v.                                                         Case No. 11-CV-16035

BRYAN MICHALAK, and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,



        Defendants.

ROBYN J. SWANTZ,

        Intervening Plaintiff,

STATE OF WISCONSIN
DEPARTMENT OF HEALTH SERVICES,
UNITED HEALTHCARE OF WISCONSIN,

        Involuntary Plaintiffs,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
BRYAN S. MICHALAK,
ACUITY, A MUTUAL INSURANCE COMPANY,
and BOARD OF TRUSTEES,
WISCONSIN ELECTRICAL EMPLOYEES
BENEFIT FUNDS,

        Defendants.

13984005

# ANSWER AND AFFIRMATIVE DEFENSES
# OF DEFENDANT WISCONSIN ELECTRICAL EMPLOYEES
# HEALTH AND WELFARE PLAN
# TO INTERVENOR COMPLAINT

Defendant the Wisconsin Electrical Employees Health and Welfare Plan (the "Plan"), incorrectly identified in the caption as "Board of Trustees, Wisconsin Electrical Employees Benefit Funds," by its attorneys, Reinhart Boerner Van Deuren s.c., by Philip R. O'Brien and Sarah A. Huck, as and for its answer to the plaintiff's Intervenor Complaint, admits, denies and otherwise states as follows:

1. The Plan admits the allegations in paragraph 1.

2. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 2, and therefore denies them.

3. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 3, and therefore denies them.

4. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 4, and therefore denies them.

5. The Plan admits the allegations set forth in paragraph 5.

6. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 6, and therefore denies them.

7. The Plan denies that its proper legal name is "Board of Trustees, Wisconsin Electrical Employees Benefit Funds" and denies it is an insurance plan. The Plan affirmatively alleges that it is a self-funded employee benefit plan created under and governed by ERISA. The Plan denies that it is organized and exists under the laws of Wisconsin. The Plan admits that it is a proper party to this action pursuant to section 803.03, Wis. Stats. But that it should have been named as an involuntary plaintiff in this action in accordance with said statute. The Plan admits that plaintiff Robyn J. Swantz was a dependent of Plan participant Andrew J. Swantz at the time of the incident in question, was eligible for benefits covered by the Plan, that the Plan has provided benefits on Ms. Swantz's behalf and that the Plan has subrogation and reimbursement rights in this matter.

13984005

8. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 8, and therefore denies them.

9. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 9, and therefore denies them.

10. The Plan admits that plaintiff Robyn J. Swantz was injured in said incident and that plaintiff incurred medical and disability expenses as a result. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in paragraph 10 and therefore denies them.

11. The Plan is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 11, and therefore denies them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plan is a self-funded employee welfare benefit plan, as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff's claims as to the Plan are preempted by the provisions of ERISA. The Plan expressly denies that its subrogation and reimbursement rights are subject to Plaintiff's being made whole, and specifically disavows said doctrine.

### Second Affirmative Defense

The Plan has reimbursement and subrogation rights in this matter and is entitled to relief under the terms of the Plan. Specifically, section 11.13 of the Plan provides that the Plan shall be subrogated, to the extent of any payments the Plan makes or may be obligated to make for a claim, to all rights of recovery of a Participant, his or her parent(s) and dependent(s), or a representative or guardian of the Participant, parent(s) or dependent(s) relating to the incident. The subrogation right applies to any recovery, whether by suit, settlement or otherwise, from any source liable for making a payment relating to the injury, illness or condition to which the claim relates. Pursuant to the provisions of the Plan Document, the Plan has first priority with respect to reimbursement of its subrogation right -- whether recovery is by way of settlement or through litigation and judgment.

### Third Affirmative Defense

The Plan has subrogation and reimbursement rights in this matter and is entitled to an equitable lien by agreement and/or constructive trust on the identifiable funds that it has advanced or will advance on behalf of plaintiff Robyn J. Swantz.

13984005

### Fourth Affirmative Defense

The Plan has paid certain expenses in connection with the injuries plaintiff Robyn J. Swantz sustained in the incident described in plaintiff's complaint. The Plan is a proper and necessary party in this action and is authorized to enforce its reimbursement and/or subrogation interests.

### Fifth Affirmative Defense

Section 803.03(2)(a), Wis. Stats., requires the Plan to be joined as a co-plaintiff with the Plan participant if the Plan has a subrogation claim against the participant. The Plan has been misjoined as a defendant in this case.

WHEREFORE, Defendant Wisconsin Electrical Employees Health and Welfare Plan requests the Court to:

A. Enter judgment in favor of the Plan, upholding its reimbursement and/or subrogation rights in this matter;

B. Award the Plan amounts owed to it, based upon its reimbursement and/or subrogation rights;

C. Award the Plan costs and reasonable attorneys' fees;

D. Amend the caption accordingly to reflect the correct identity and joinder of the Plan; and

E. Grant such other relief as the Court deems just and equitable.

Dated at Milwaukee, Wisconsin this 11th day of April, 2014.

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com
Sarah A. Huck
WI State Bar ID No. 1036691
shuck@reinhartlaw.com

BY _____
Attorneys for Defendant Wisconsin Electrical Employees Health and Welfare Plan

13984005